UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISION

R.J., a Minor, by and through L.J., Parent,

-and-

O.P., a Minor, by and through B.P, Parent,

-and-

G.C., a Minor, by and through K.C., Parent,

      Plaintiffs,

v.                                                                    Civil Action No. 2:25cv540

Ryan Schubart, in his individual capacity,

Matthew D. Delaney, in his individual capacity,

Dr. Donald Robertson, in his individual capacity,

-and-

Virginia Beach School Board,

      Defendants.

**(CORRECTED) AMENDED COMPLAINT**

**Plaintiffs file this Corrected Amended Complaint solely to correct the initials identifying the minor Plaintiffs and parent next friends so the pleading conforms to the Court's Memorandum Order and prior filings. No substantive changes have been made other than to the caption and PP 7.**

1

Plaintiffs, by counsel, state as follows:

## INTRODUCTION

1. This action arises from the false public characterization of three minor students as perpetrators of "racist harassment," the coordinated effort to impose maximum punishment against them before a fair disciplinary process occurred, and the resulting deprivation of Plaintiffs' constitutional rights.

2. Plaintiffs assert claims for defamation under Virginia law and violations of 42 U.S.C. § 1983 for procedural due process, equal protection, and civil conspiracy.

3. Defendants publicly condemned Plaintiffs before any meaningful hearing occurred, withheld or ignored exculpatory evidence, predetermined disciplinary outcomes, and imposed severe punishment despite knowing the underlying interaction was a consensual joke among close friends.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all events giving rise to this action occurred within the Eastern District of Virginia and the Defendants reside or perform their official duties within this District.

## PARTIES

7. Plaintiffs R.J., O.P and G.C. are minor students who were enrolled at Floyd E. Kellam High School in Virginia Beach, Virginia during the events described herein. They proceed through their respective parents as next friends.

8. Defendant Ryan Schubart was at all relevant times the Principal of Floyd E. Kellam High School. He is sued in his individual capacity.

9. Defendant Matthew D. Delaney was at all relevant times the Chief of Schools for Virginia Beach City Public Schools. He is sued in his individual capacity.

10. Defendant Dr. Donald Robertson was at all relevant times the Superintendent of Virginia Beach City Public Schools. He is sued in his individual capacity.

11. Defendant Virginia Beach School Board is the governing body responsible for student disciplinary proceedings and final disciplinary determinations within Virginia Beach City Public Schools.

12. At all relevant times, Defendants acted under color of state law.

## FACTUAL ALLEGATIONS

13. On March 12, 2025, Plaintiffs gathered at Kellam High School to celebrate the birthday of a close friend.

14. The birthday student, who is Black, had specifically requested fried chicken as part of the birthday joke among the friend group.

15. Plaintiffs presented the student with fried chicken, candy, and a humorous birthday card containing jokes exchanged among close friends.

16. The interaction was friendly, consensual, and openly jovial.

17. Surveillance footage and witness accounts reflected students laughing, smiling, hugging, and interacting in a manner consistent with longstanding friendship. The surveillance footage reveals:

    A. Multiple teachers and staff members observed the interaction.

    B. No teacher intervened.

    C. No teacher stopped the interaction.

    D. No staff member treated the event as an emergency or ongoing act of harassment at the time it occurred.

18. The birthday student himself later confirmed he believed the exchange was intended as humor among friends by written statement.

19. Despite these facts, Defendants Schubart, Delaney and Robertson and other school administrators, under intense public pressure by external groups and elected officials, immediately escalated the matter as an alleged racial harassment incident.

20. The incident was referred to the Virginia Beach Police Department who:

    A. Law enforcement investigated the matter.

    B. Prosecutors declined criminal charges finding no crimes had been committed.

21. Witnesses consistently described the interaction as a consensual joke among friends rather than racial harassment.

22. Despite the available evidence, Defendants Schubart, Delaney and Robertson rapidly adopted and promoted a narrative that Plaintiffs had committed racist harassment. The

decisions were made by Dr. Robertson and carried out by Schubart, Delaney and others. Exhibit B.

23. On March 13, 2025, Defendant Schubart distributed a mass email to the Kellam High School community. (Exhibit C)

24. The email stated that a student had been subjected to "racist harassment from a group of other students."

25. The email further praised a staff member for "immediately intervening."

26. The email announced that the students involved would be disciplined "to the fullest extent possible."

27. These statements were false or materially misleading that racial harassment had occurred and that a staff immediately intervened.

    A.  No staff member immediately intervened.

    B.  The gift exchange was a friendly encounter between close friends.

28. Defendants possessed information contradicting the characterization of the interaction as racial harassment such as:

    A.  Defendants possessed witness statements reflecting the consensual and joking nature of the interaction.

    B.  Defendants possessed or had access to surveillance footage inconsistent with the narrative conveyed in the email.

29. Defendants nevertheless publicly characterized Plaintiffs as perpetrators of racist harassment before any meaningful disciplinary hearing occurred. They did so knowing the implications of making such accusations publicly would create a public stain on the reputations of the Plaintiffs.

30. Defendants Robertson and Delaney participated in, approved, ratified, or directed the disciplinary response and public narrative.

31. Defendants Schubart, Delaney and Robertson pursued maximum punishment before conducting a fair and impartial review of the evidence.

32. During the disciplinary process, Plaintiffs and their families were denied meaningful access to exculpatory evidence until after retaining counsel.

33. Plaintiffs were prevented from fully reviewing surveillance footage relevant to the allegations when they were meeting with school officials in the factfinding stage of the investigation.

34. The disciplinary process was tainted by the prior public condemnation of Plaintiffs in the schoolwide email (Exhibit A) and the false accounts to the public media statements about the events.

35. Plaintiffs were ultimately suspended through the remainder of the school year and transferred from Kellam High School.

36. Plaintiffs' records reflected disciplinary findings associated with racial bullying allegations.

37. Plaintiffs suffered reputational harm, emotional distress, educational disruption, ostracism, and threats as a result of Defendants' conduct.

38. Upon information and belief, no other comparable disciplinary incident within Virginia Beach City Public Schools resulted in a similar school-wide public condemnation email. (Exhibit A).

39. Plaintiffs were treated more harshly than similarly situated students in other incidents involving racial language or misconduct allegations. The disparate treatment was motivated by racial considerations, public pressure, and Defendants' desire to make an example of Plaintiffs.

40. In a separate highly publicized incident involving the Kempsville High School baseball team, students accused of racial misconduct received substantially less severe disciplinary treatment.

41. Plaintiffs were punished more harshly because Virginia Beach Public Schools was perceived as having an enforcement of rules on racial discrimination cases stemming from the minor punishment imposed on the Kempsville baseball teams.

42. The disciplinary findings against Plaintiffs were later vacated in Virginia Beach Circuit Court as arbitrary and capricious and lacking sufficient findings.

**COUNT I**

**DEFAMATION**

**(Virginia Common Law)**

43. Plaintiffs incorporate all preceding paragraphs.

7

44. Defendant Schubart published false statements concerning Plaintiffs in the March 13, 2025 email.

45. Defendants Delaney and Robertson participated in, approved, directed, or ratified the publication and related disciplinary narrative.

46. The email accused Plaintiffs of engaging in racist harassment.

47. The email falsely stated that a staff member "immediately intervened."

48. The statements were false, they were known to be false by Defendants Schubart, Delaney and Robertson at the time publication occurred.

49. At the time the email was published, Defendants possessed information contradicting the accusations contained within the email.

50. Defendants acted with actual malice or reckless disregard for the truth motivated to set an example out of the three students.

51. Defendants publicly branded Plaintiffs as racist students within the Kellam High School community.

52. As a direct and proximate result of Defendants' conduct, Plaintiffs suffered reputational injury, emotional distress, educational harm, and related damages.

**COUNT II**

**PROCEDURAL DUE PROCESS**

**(42 U.S.C. § 1983)**

61. Plaintiffs incorporate all preceding paragraphs.

8

62. Plaintiffs possessed protected liberty and property interests under the Fourteenth Amendment, including interests in their public education, reputations, and future educational opportunities.

63. Defendants Schubart, Delaney, and Robertson publicly declared Plaintiffs guilty of racist harassment before any constitutionally adequate disciplinary process occurred.

64. Defendants Schubart, Delaney, and Robertson publicly announced that Plaintiffs would receive punishment "to the fullest extent possible" before a meaningful hearing occurred.

65. Defendants Schubart, Delaney, and Robertson failed to provide Plaintiffs with a fundamentally fair disciplinary process.

66. Defendants Schubart, Delaney, and Robertson withheld, obstructed, ignored, or failed to meaningfully consider exculpatory evidence.

67. Defendants Schubart, Delaney, and Robertson tainted the disciplinary proceedings by publicly condemning Plaintiffs before the disciplinary process concluded.

68. Defendant Virginia Beach School Board served as the final decisionmaker responsible for the disciplinary determinations imposed against Plaintiffs.

69. The Virginia Beach School Board ratified, imposed, affirmed, or enforced disciplinary deprivations against Plaintiffs through constitutionally deficient procedures by failing to make findings of fact at the School Board Disciplinary review hearing.

70. The decision of the Virginia Beach School Board was vacated by the Virginia Beach Circuit Court sitting in judicial review of the decision with a finding the Virginia Beach School Board's decision was arbitrary and capricious.

9

71. The Virginia Beach School Board did not make findings of fact and therefore adopted the false narratives perpetuated by Schubart, Delaney, and Robertson to impose discipline that removed the Plaintiffs from Kellam high school for the remainder of their 9th grade school year.

72. Defendants' actions resulted in the deprivation of Plaintiffs' liberty and property interests without constitutionally adequate due process.

73. Defendants' conduct also imposed stigma-plus harm by publicly branding Plaintiffs as racist harassers while simultaneously imposing severe disciplinary sanctions affecting Plaintiffs' educational status and records.

74. No reasonable official could believe it was constitutionally permissible to publicly convict students of racist harassment, predetermine punishment, and impose severe disciplinary sanctions through a fundamentally tainted process.

75. As a direct and proximate result of Defendants' conduct, Plaintiffs suffered damages including reputational injury, emotional distress, educational harm, and deprivation of constitutional rights.

## COUNT III

## EQUAL PROTECTION

## (42 U.S.C. § 1983)

74. Plaintiffs incorporate all preceding paragraphs.

75. The Equal Protection Clause of the Fourteenth Amendment prohibits selective and discriminatory enforcement by state actors.

76. Defendants Schubart, Delaney, and Robertson intentionally treated Plaintiffs differently from similarly situated students.

77. Plaintiffs were subjected to uniquely severe discipline and public condemnation.

78. No comparable incident within Virginia Beach City Public Schools resulted in a similar school-wide public condemnation email.

79. Students involved in other racially charged incidents received substantially less severe punishment.

80. Defendants Schubart, Delaney, and Robertson lacked a rational and legitimate basis for the disparate treatment imposed against Plaintiffs.

81. Defendants' conduct was arbitrary, intentional, and motivated by improper considerations including racial and political pressure.

82. Defendants' Schubart, Delaney, and Robertson acted in a discriminatory way to the Plaintiffs to make a public racial discipline example of them.

11

83. As a direct and proximate result of Defendants' conduct, Plaintiffs suffered damages.

**COUNT IV**

**CIVIL CONSPIRACY**

**(42 U.S.C. § 1983)**

83. Plaintiffs incorporate all preceding paragraphs.

84. Upon information and belief, Defendants Schubart, Delaney, and Robertson communicated with one another before publication of the March 13 email and collectively agreed upon the characterization of Plaintiffs' conduct and the disciplinary response.

85. Defendants Schubart, Delaney, and Robertson reached an understanding and agreement to deprive Plaintiffs of constitutional rights.

86. Defendants coordinated the public narrative, disciplinary response, and imposition of punishment against Plaintiffs.

87. Defendants published the accusations despite possessing witness statements and surveillance evidence contradicting the accusations.

88. Defendants took overt acts in furtherance of the conspiracy, including publication of the March 13 email, suppression or disregard of exculpatory evidence, and coordinated disciplinary actions.

89. As a direct and proximate result of Defendants' conduct, Plaintiffs suffered damages and deprivation of constitutional rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment in favor of Plaintiffs on all Counts;

B. Award compensatory damages;

C. Award punitive damages against the individual Defendants;

D. Award attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

E. Grant equitable and injunctive relief as appropriate; and

F. Award such further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand trial by jury on all issues so triable.

Respectfully submitted,

Plaintiffs,

/s/

By Counsel

Timothy V. Anderson (VSB No. 43803)
Anderson & Associates, P.C.
2492 North Landing Road, Suite 104
Virginia Beach, Virginia 23456
Telephone: (757) 301-3636
Facsimile: (757) 301-3640
TimAnderson@virginialawoffice.com
Counsel for the Plaintiffs

13

CERTIFICATE OF MAILING

I certify that on the 13th day of May 2026 I emailed a copy of the foregoing Corrected Amended

Complaint to:


Missy York, Counsel for the Defendants

myork@hccw.com

/s/


_____

Timothy Anderson