UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

C.E., A MINOR, BY AND THROUGH
B.E., PARENT,

        Plaintiff,

      v.                               CIVIL NO. 2:25-cv-495

RYAN SCHUBART, PRINCIPAL, FLOYD E.
KELLAM HIGH SCHOOL;
MATTHEW D. DELANEY, CHIEF OF SCHOOLS,
VIRGINIA BEACH CITY PUBLIC SCHOOLS; and
DONALD ROBERTSON, SUPERINTENDENT,
VIRGINIA BEACH CITY PUBLIC SCHOOLS,

        Defendants,

and

R.J., A MINOR, BY AND THROUGH
L.J., PARENT, ET AL.,

        Plaintiffs,

      v.                               CIVIL NO. 2:25-cv-540

RYAN SCHUBART, PRINCIPAL, FLOYD E.
KELLAM HIGH SCHOOL;
MATTHEW D. DELANEY, CHIEF OF SCHOOLS,
VIRGINIA BEACH CITY PUBLIC SCHOOLS;
DONALD ROBERTSON, SUPERINTENDENT,
VIRGINIA BEACH CITY PUBLIC SCHOOLS; and
VIRGINIA BEACH SCHOOL BOARD,

        Defendants.

<u>MEMORANDUM ORDER</u>

     This matter is before the court on Motions to Consolidate the above-captioned cases pursuant to Federal Rule of Civil Procedure 42(a), filed on September 5, 2025.

## I.

In the first case, the plaintiff, a minor student who attended Floyd E. Kellam High School, initiated this action against Defendants Dr. Ryan Schubart, Dr. Donald Robertson, and Mr. Matthew Delaney (the "Individual Defendants"), in state court on July 30, 2025, alleging two (2) due process claims and one (1) civil conspiracy claim under 42 U.S.C. § 1983 against each Individual Defendant. See No. 2:25-cv-495 (hereinafter cited as "C.E."), ECF No. 1 ¶ 1 (Notice of Removal); see generally C.E., ECF No. 1-1 ("Complaint"). The Individual Defendants removed the action to this court on August 13, 2025. See C.E., ECF No. 1. The plaintiff filed the Motion to Consolidate on September 5, 2025, see C.E., ECF No. 18, which the Individual Defendants do not oppose, see C.E., ECF No. 22. Following this court's January 27, 2026, Memorandum Order on their Motion to Dismiss, see C.E., ECF No. 26, the Individual Defendants filed an Answer to the Complaint on February 17, 2026, see C.E., ECF No. 27. This case is ready to move forward on a Rule 16(b) Scheduling Conference.

## II.

A related case was initiated in state court on May 19, 2025, by three (3) similarly situated minor plaintiffs. See No. 2:25-cv-540 (hereinafter cited as "R.J."), ECF No. 1 ¶ 1 (Notice of Removal). The plaintiffs filed an Amended Complaint in the state court on August 22, 2025, alleging one (1) claim of

2

state-law defamation and three (3) claims under 42 U.S.C. § 1983, against each of the same Individual Defendants: Dr. Schubart, Dr. Robertson, and Mr. Delaney. See R.J., ECF No. 1-14 (Amended Complaint). The Individual Defendants removed the action to this court on August 27, 2025. See R.J., ECF No. 1. Like in C.E., the R.J. plaintiffs filed a Motion to Consolidate on September 5, 2025. See R.J., ECF No. 9. Following this court's May 7, 2026, Memorandum Order on the Individual Defendants' Motion to Dismiss in that case, the plaintiffs filed a Second Amended Complaint on May 13, 2026, adding the Virginia Beach School Board as a defendant and claiming a due process violation against it. See R.J., ECF No. 31 ("Second Amended Complaint"). On May 26, 2026, the Individual Defendants and the Virginia Beach School Board jointly filed a Partial Motion to Dismiss the Second Amended Complaint. See R.J., ECF No. 35. The Individual Defendants also filed an Answer to the Second Amended Complaint that same day. See R.J., ECF No. 37.

### III.

Federal Rule of Civil Procedure 42(a) permits a court to consolidate pending actions involving a common question of law or fact. See Fed.R.Civ.P. 42(a). The decision whether to consolidate pending actions is a matter of discretion for the trial court. A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co., 559 F.2d 928, 933 (4th Cir. 1977). The party moving for consolidation must bear the burden of showing "commonality of factual and legal issues

3

in different actions," and the court must examine the underlying facts with close attention before ordering consolidation. In re Repetitive Stress Injury Litig., 11 F.3d 368, 373 (2nd Cir. 1993). Although judicial economy generally favors consolidation, the court must balance the interest of judicial convenience against the potential for prejudice and confusion that may result from such consolidation. Arnold v. E. Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982).

Upon review of the records in each case, the court finds that consolidation is not appropriate at this juncture. First, the C.E. plaintiff alleges that the Individual Defendants decided his punishment, and the Complaint accordingly alleges two (2) due process claims and one (1) civil conspiracy claim against each of the Individual Defendants. Comparatively, the Second Amended Complaint in R.J. alleges that the Virginia Beach School Board was the final decision-maker as to those plaintiffs' punishments; alleges a due process claim against the Virginia Beach School Board; and, in addition to a due process and civil conspiracy claim, also alleges a state-law defamation and equal protection claim against each of the Individual Defendants, which involve unique questions of law not raised in the case of C.E.

Next, questions of fact differ between the C.E. and the R.J. plaintiffs, given that the plaintiffs' punishments were rendered by different decision-makers in each case. Consequently, the

4

potential for prejudice and confusion that could result from trial consolidation is great. Finally, the two cases are at different procedural postures. The parties in C.E. have filed their respective pleadings, and the matter is prepared to move forward to discovery. In R.J., a Partial Motion to Dismiss remains pending and was referred to the court for review on June 9, 2026. Consolidating the two actions would only further delay the proceedings in the case of C.E.

## IV.

In summary, the differing procedural postures of the two cases, together with separate questions of law and facts existing in the two cases, do not support consolidation at this juncture. The plaintiffs are different in the two cases, as is a defendant. These matters present potential issues of prejudice and confusion for a jury, if the cases are consolidated for trial. Accordingly, the Motions to Consolidate in C.E., ECF No. 18, and in R.J., ECF No. 9, are **DENIED**.

The court notes, however, that Rule 42(a) grants it the discretion to "issue any other orders to avoid unnecessary cost or delay." Fed.R.Civ.P. 42(a)(3). Given that these two cases arise from similar factual circumstances and involve three (3) of the same defendants, the court recognizes that certain discovery matters will inevitably overlap. Therefore, upon their agreed coordination, the court will permit the parties to conduct certain

5

discovery matters together and share discovery materials that may be common and relevant to both cases.

The Clerk is **DIRECTED** to forward a copy of this Order to counsel for the parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

June 9 , 2026

6